UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| DENNIS DELMAR LINCOLN, # 237169, )<br>Plaintiff, )<br>)<br>-v- )<br>)<br>CORIZON HEALTH, INC. )<br>and LAURA WHITMER, )<br>Defendants. )<br>_____ ) | No. 2:21-cv-245<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Dennis Lincoln, a prisoner under the control of the Michigan Department of Corrections, filed this lawsuit alleging violations of his civil rights. Defendant Corizon Health filed a motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 15.) Defendant Laura Whitmer filed a similar motion. (ECF No. 25.) The Magistrate Judge issued a report recommending the Court grant Defendant Corizon Health's motion and deny Defendant Whitmer's motion. (ECF No. 30.) Plaintiff filed objections. (ECF No. 31.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The dispute is whether Plaintiff failed to exhaust his administrative remedies against Defendant Corizon Health. The Magistrate Judge agreed with Corizon Health that Plaintiff did not do so. Plaintiff objects. Plaintiff points to a grievance he filed in which he wrote that he "had officers call the Corizon health care nurse (Laura?), in inform her ....")

The MDOC's grievance procedure requires a prisoner to identify those individuals who are being grieved. Prisoners must, therefore, provide sufficient information so that the relevant individuals are given fair notice of a claim. *See Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003) ("Rather, it is sufficient for a court to find that a prisoner's Step I problem statement gave prison officials fair notice of the alleged mistreatment ....") *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *accord Acosta v. U.S. Marshals Serv.*, 445 F.3d 509, 512 (1st Cir. 2006) ("Otherwise, the ordinary purposes served by such requirements—to provide timely notice of the claim and an avenue for redress short of litigation—could not be served.") (internal citation omitted); *Gad v. Kansas State Univ.*, 787 F.3d 1032, 1040 (10th Cir. 2015) (involving Title VII, "Exhaustion still serves the important interest of protecting employers by giving them notice of the discrimination claim ....") (cleaned up; citation omitted). There are exceptions to the requirement to include names, none of which Plaintiff relies on.

The Court overrules Plaintiff's objection. Describing the grieved nurse as he did— Corizon health care nurse—would direct the grievance to the nurse and not to Corizon Health. Plaintiff's language choice did not put Corizon Health on notice of any claim. As the Magistrate Judge noted in a footnote, the nurse was not employed by Corizon Health but by the State of Michigan.

Alternatively, Plaintiff argues that by grieving the nurse, he also put Corizon Health on notice of a claim because of the necessary interaction between the nurse and Corizon.

The Court overrules the alterative explanation. The grievance procedure requires a prisoner to name the individuals being grieved. Even if Corizon Health has some supervisory responsibilities, naming the employee would only put Corizon Health on notice of Plaintiff's claim against the employee and would not put Corizon Health on notice that it would need to defend a claim against it.

For these reasons, the Court **ADOPTS** as its opinion the Report and Recommendation. (ECF No. 30.) The Court **GRANTS** Corizon Health's motion for summary judgment. (ECF No. 15.) The Court **DENIES** Defendant Whitmer's motion for summary judgment. (ECF No. 25.) **IT IS SO ORDERED.**

Date:   August 24, 2022                              /s/  Paul L. Maloney
                                                                       Paul L. Maloney
                                                                       United States District Judge