UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| DENNIS DELMAR LINCOLN, #237169, ) | |
| Plaintiff, ) | |
| ) | No. 2:21-cv-245 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| CORIZON HEALTH, *et al.*, ) | |
| Defendants. ) | |
| ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Dennis Lincoln, a prisoner under the control of the Michigan Department of Corrections, filed a civil rights action under § 1983. Defendant Witmer, a registered nurse filed a motion for summary judgment (ECF No. 52). The Magistrate Judge issued a report recommending the Court grant Defendant Witmer's motion (ECF No. 59). Plaintiff filed objections (ECF No. 60). The Court will adopt the report and recommendations of the Magistrate Judge.

I.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

II.

The Magistrate Judge summarizes the events leading up to April 7, 2021, around 7:30 p.m., the only time Defendant Witmer interacted with Plaintiff. Plaintiff does not object to the summary of facts leading up to the incident.

A. The Magistrate Judge concludes Plaintiff has not met his burden to survive summary judgment relating to the subjective component of an Eighth Amendment deliberate indifference claim. The Magistrate Judge finds that "RN Witmer did not observe anything that would make her believe that Lincoln had pneumonia or that he needed to immediately go to the hospital" (R&R at 13 PageID.610). Plaintiff objects. Plaintiff contends that the record contains evidence that he was lying on the floor crying from pain during his interaction with Defendant.

The Court overrules Plaintiff's objection. The medical records establish that Plaintiff had been complaining of acute side pain for several days following an incident on April 2 where Plaintiff injured his side doing exercises (ECF No. 53-6 PageID.455-56). The morning of April 7, non-party Nurse Practitioner Jamros assessed Plaintiff with a sprain in his ribs and ordered an x-ray (*id*). Jamros found that Plaintiff's lungs were "clear" (*id.* PageID.456). The records from the interaction with Defendant Witmer later that day show that Witmer was aware that Plaintiff had been seen earlier in the day by medical staff for rib pain (ECF No. 55-4 PageID.585). Defendant was also aware of Plaintiff's vital signs (*id.*) Plaintiff puts forth no evidence suggesting that any of the objective medical evidence in the medical records would lead Defendant to the conclusion that Plaintiff needed to take an emergency trip to the hospital. That Defendant observed Plaintiff writhing on the ground in

pain from a non-obvious malady (later diagnosed as pneumonia) does not create a genuine issue of material fact on the subjective prong of an Eighth Amendment claim.[1]  At the point in time that Defendant observed Plaintiff, all individuals involved, including Plaintiff, believed the pain occurred from the exercise incident.  Plaintiff's complaints about pain were consistent with this diagnosis.

      B.  The Magistrate Judge concludes that Plaintiff, at best, has a medical negligence claim, not an Eighth Amendment Claim.  Plaintiff objects.  Plaintiff insists that credibility is an issue for the jury.

      The Court overrules Plaintiff's objection.  The evidence in the record does not create a genuine issue of material fact that Defendant actually knew or should have known that Plaintiff needed to go the hospital that night.  The evidence in the record does not establish an obvious risk.  Again, when Defendant observed Plaintiff, no evidence suggested Plaintiff suffered from pneumonia.  The evidence suggested that Plaintiff had a rib sprain, an injury for which he had been give pain medication and had been scheduled for an x-ray.

      C.  The Magistrate Judge concludes that Plaintiff is entitled to qualified immunity. Plaintiff objects.

      The Court overrules Plaintiff's objection.  The Magistrate Judge concludes that Plaintiff has not established a constitutional violation.  That conclusion is sufficient to grant summary judgment.  Without a constitutional violation, the request for qualified immunity

---

[1] The Court assumes without deciding that Defendant Witmer in fact observed Plaintiff writhing on the floor.  Plaintiff's affidavit (ECF No. 55-1) filed with his response to the motion for summary judgment does not contain allegations of fact.  Rather, Plaintiff poses questions beginning with the word "whether" and presents those questions as disputes of fact.

is moot. *Adams v. City of Auburn Hills*, 336 F.3d 515, 520 (6th Cir. 2003) ("Because the Fourth Amendment is not implicated, Adams has not alleged a constitutional violation to support a § 1983 claim. Without an underlying constitutional violation, the question of whether Backstrom is entitled to qualified immunity is moot."); *Ahlers v. Schebil*, 188 F.3d 365, 374 (6th Cir. 1999) (same).

### III.

Defendant Witmer has established that she did not violate Plaintiff's Eighth Amendment rights. Plaintiff has not established a genuine issue of material fact concerning the subjective element of the deliberate indifference prong. The record contains sufficient evidence to conclude Plaintiff's side pain was due to an exercise injury. The pneumonia diagnosis occurred later. Nothing in the record provides any basis for concluding that Witmer should have perceived a threat to Plaintiff's health that required an emergency trip to the hospital.

Accordingly, the Court **ADOPTS** the Report and Recommendation (ECF No. 59) and **GRANTS** Defendant Witmer's motion for summary judgment (ECF No. 52). **IT IS SO ORDERED.**

Date:   May 31, 2023                                       /s/  Paul L. Maloney
                                                                    Paul L. Maloney
                                                                    United States District Judge